Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ANGIE REYES VILLEGAS<br><br>Recurrida<br><br><br>v.<br><br><br>MILDRED ALBARRÁN CRUZ<br><br>Peticionaria | KLCE202400502 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.:<br>GB2023CV01109<br><br>Sobre:<br>Despido Injustificado |

Panel integrado por su presidenta, Jueza Brignoni Mártir, Juez Candelaria Rosa, Jueza Álvarez Esnard y Jueza Díaz Rivera

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 14 de mayo de 2024.

Comparece Mildred Albarrán Cruz (señora Albarrán Cruz o la peticionaria) mediante recurso de *Certiorari*, al que aneja *Moción en Auxilio de Jurisdicción* y nos solicita la revocación de la *Resolución* emitida el 20 de abril de 2024, por el Tribunal de Primera Instancia, Sala de Bayamón (TPI o foro primario), notificada el 30 de abril de 2024, en el caso de epígrafe que se ventila al amparo del procedimiento sumario que provee la *Ley de Procedimiento Sumario de Reclamaciones Laborales*, 32 LPRA sec. 3118 *et seq*., Ley Núm. 2-1961 (Ley Núm. 2). Mediante la *Resolución* recurrida, el foro primario dispuso que el requerimiento de admisiones cursado por la peticionaria a Angie Reyes Villegas (señora Reyes Villegas o la recurrida) no procede en el procedimiento laboral sumario y que la recurrida no está obligada a contestarlo. Por los fundamentos que expresamos a

Número Identificador

RES2024 _____

continuación, declaramos No Ha Lugar a la *Moción en Auxilio de Jurisdicción* presentada por la señora Albarrán Cruz y denegamos la expedición el auto de *certiorari* solicitado por la peticionaria.

El trámite procesal del caso de epígrafe comenzó el 28 de noviembre de 2023 con la querella por despido injustificado y represalias, presentada por la señora Reyes Villegas en contra de la señora Albarrán Cruz al amparo de la *Ley de Despido Injustificado*, Ley Núm. 80-1976, y de la Ley de Represalias. En síntesis, la recurrida alegó en la querella que el 17 de enero de 2023, comenzó a laborar en el salón de belleza *Mildred Nails and Hair*, propiedad de la peticionaria; que el 3 de agosto de 2023 sufrió una caída mientras realizaba su trabajo como técnica de uñas, por lo que el 13 de septiembre de 2023, acudió al Fondo de Seguro del Estado y que 13 de octubre de ese año, mientras recibía tratamiento fue despedida por la señora Albarrán Cruz como acto de represalia.

El 29 de noviembre de 2023, la señora Albarrán Cruz presentó *Contestación a Demanda y Reconvención*. En lo pertinente a la alegación de despido injustificado de la señora Reyes Villegas la peticionaria negó que la recurrida hubiese tenido un accidente laboral, sostuvo que cualquier daño sufrido por esta fue autoinfligido y que la razón del despido obedeció a que la recurrida alegó falsamente que sufrió un accidente en el salón cuando ello no ocurrió.

El 30 de noviembre de 2023, el Tribunal de Primera Instancia emitió Orden a las partes para comenzar el descubrimiento de prueba a tenor con el procedimiento sumario. Según ordenado, el 12 de enero de 2024, las partes de epígrafe presentaron moción conjunta en la que informaron al foro primario que acordaron utilizar como medio

descubrimiento de prueba un *Pliego de Interrogatorio y Producción de Documentos* y que acordaron culminar con el descubrimiento el 8 de marzo de 2024.

Sin embargo, el 16 de enero de 2024, la señora Albarrán Cruz remitió a la señora Reyes Villegas en un solo escrito el pliego de interrogatorios, producción de documentos y un Requerimiento de Admisiones. Así las cosas, el 2 de febrero de 2024, la recurrida presentó ante el foro primario *Solicitud para Dejar sin Efecto el Requerimiento de Admisiones Remitido por la Parte Querellada* en la que adujo que el referido Requerimiento de Admisiones sometido por la peticionaria no fue parte del acuerdo sometido por las partes ante el Tribunal de Primera Instancia y que es contrario a las disposiciones del procedimiento laboral sumario de la Ley Núm. 2, respecto al descubrimiento de prueba.[1]

El 3 de febrero de 2024, la peticionaria presentó ante el foro primario *Oposición a Solicitud para Dejar sin Efecto el Requerimiento de Admisiones Remitido Por la Parte Querellada* en la que adujo que aunque el procedimiento sumario solo permite utilizar un mecanismo de descubrimiento de prueba, el requerimiento de admisiones no constituye un instrumento para la investigación y el descubrimiento de prueba sino que se utiliza para lograr admisiones que pueden evadirse al contestar las alegaciones, interrogatorios o las preguntas formuladas en una deposición.

En lo pertinente, el 5 de febrero de 2024, la recurrida presentó *Moción de Réplica y Otros Extremos* en la que reiteró que en el procedimiento laboral sumario no procede el requerimiento de

---

[1] *Véase* Anejo V del recurso de *Certiorari*, páginas 20-21 del Apéndice.

admisiones toda vez que por la naturaleza sumaria del procedimiento es improcedente acumular múltiples mecanismos de descubrimiento prueba.

Mediante *Resolución* emitida el 20 de abril de 2024, notificada el 30 de abril de 2024, el Tribunal de Primera Instancia, dispuso que el requerimiento de admisiones cursado por la peticionaria a la recurrida no procede en el procedimiento laboral sumario y que la señora Reyes Villegas no está obligada a contestarlo.

En desacuerdo con la *Resolución* recurrida, la peticionaria presentó el recurso de epígrafe al que anejó *Moción en Auxilio de Jurisdicción* en la que solicitó la paralización de los procedimientos ante el foro primario. En esencia, la peticionaria sostiene en su recurso de *Certiorari* que incidió el Tribunal de Primera Instancia al concluir que la recurrida no tiene que contestar el requerimiento de admisiones sometido en el procedimiento laboral sumario al amparo de la Ley Núm. 2, que transcurre ante el foro primario para ventilar la Querella por despido injustificado presentada por la señora Reyes Villegas.

Por su parte, la señora Reyes Villegas comparece ante nos mediante *Memorando en Oposición a Expedición de Auto de Certiorari y Solicitud Auxilio de Jurisdicción* presentado hoy 14 de mayo de 2024. En apretada síntesis, la recurrida sostiene que procede denegar la solicitud de auxilio de jurisdicción y la expedición del auto de *certiorari* solicitado por la peticionaria, toda vez que por tratarse de un procedimiento laboral sumario al amparo de la Ley Núm. 2, la resolución interlocutoria recurrida no es susceptible de revisión, ya que atenta contra la naturaleza sumaria del proceso.

Resulta pertinente destacar que el auto de *certiorari* es un vehículo procesal de naturaleza discrecional y extraordinaria mediante el cual este Tribunal de Apelaciones puede rectificar errores jurídicos en órdenes y resoluciones interlocutorias, en el marco de lo establecido por la Regla 52.1 de las *Reglas de Procedimiento Civil*, 32 LPRA Ap. V, R. 52.1. En ese contexto limitado, la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro de primera instancia y determinar si la misma fue contraria a derecho o constituyó un abuso de discreción; si medió prejuicio, parcialidad o error craso en la apreciación de la prueba, si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración o si la expedición del auto evitaría un fracaso de la justicia. Regla 40 del *Reglamento del Tribunal de Apelaciones*, 4 LPRA Ap. XXII-B, R. 40. Es decir, solo procede nuestra intervención con las determinaciones interlocutorias del Tribunal de Primera Instancia, cuando esté presente alguno de los mencionados criterios. *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012); *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83 (2008).

Por otro lado, cabe destacar que la reclamación laboral del título tiene su origen en una querella presentada al amparo del procedimiento sumario dispuesto en la Ley Núm. 2-1961, conocida como la *Ley de Procedimiento Sumario de Reclamaciones Laborales*, supra (Ley Núm. 2). Hace ya más de dos décadas, en *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483 (1999), el Tribunal Supremo concluyó que la revisión de resoluciones interlocutorias es contraria al carácter sumario del procedimiento laboral. De esa manera, como norma general, la parte que pretenda impugnar resoluciones interlocutorias en un

procedimiento bajo la Ley Núm. 2 deberá esperar a que se dicte sentencia final en el caso para entonces presentar un recurso a base del error alegado. Como excepciones, son revisables por este foro apelativo aquellas determinaciones interlocutorias dictadas en un procedimiento laboral sumario cuando: (1) el foro primario haya actuado sin jurisdicción; (2) la revisión inmediata disponga del caso por completo, o (3) cuando la revisión tenga el efecto de evitar una grave injusticia. *Id*., pág. 498; *Díaz Santiago v. PUCPR*, 207 DPR 339, 349 (2021).

Es la contención de la peticionaria en el caso que nos ocupa que, al emitir la Resolución recurrida, incidió el foro primario al concluir que el requerimiento de admisiones cursado por la peticionaria a la recurrida no procede en el procedimiento laboral sumario y que la señora Reyes Villegas no está obligada a contestarlo. Razona la peticionaria que el requerimiento de admisiones no constituye un instrumento para la investigación y el descubrimiento de prueba, sino que se utiliza para lograr admisiones que pueden evadirse al contestar las alegaciones, interrogatorios o las preguntas formuladas en una deposición.

En lo pertinente, enfatizamos que toda vez que mediante la *Resolución* recurrida el foro primario dispuso de un asunto interlocutorio pertinente al requerimiento de admisiones cursado por la peticionaria a la recurrida y que el caso de epígrafe continúa ventilándose mediante el procedimiento sumario de la Ley Núm. 2, resolvemos denegar la expedición del auto de *certiorari* solicitado por la señora Albarrán Cruz. La controversia planteada por la peticionaria en el recurso de epígrafe referente a la denegatoria del foro primario a su solicitud de requerimiento de admisiones a la recurrida en un

procedimiento que se ventila al amparo de la Ley Núm. 2 no es susceptible de revisión mediante petición de *certiorari,* por ser contraria a la naturaleza sumaria del procedimiento.

Como cuestión de umbral, es preciso destacar que mediante la presentación del recurso de epígrafe la señora Albarrán Cruz pretende impugnar una resolución interlocutoria emitida en un procedimiento bajo la Ley Núm. 2, para lo cual, en ausencia de las limitadas excepciones que lo permiten, la peticionaria deberá esperar a que se dicte sentencia final en el caso para entonces presentar un recurso que incluya los errores alegados en la Petición de *Certiorari.*

Luego de examinar el dictamen recurrido, concluimos que no está presente excepción alguna a la norma jurisprudencial que prohíbe la revisión de resoluciones interlocutorias en un pleito sumario bajo la Ley Núm. 2. En atención a la normativa anteriormente expuesta y en el ejercicio de nuestra facultad discrecional, resolvemos abstenernos de intervenir en los méritos con los señalamientos de error de la *Petición de Certiorari* ante nuestra consideración, por tratarse de un caso que continúa ventilándose mediante el procedimiento sumario de la Ley Núm. 2.

Es decir, la *Resolución* recurrida no fue emitida sin jurisdicción ni presenta las características propias de un dictamen cuya injusticia amerite una revisión inmediata. Nuestra intervención tampoco dispondría del caso de manera definitiva ni estamos ante un escenario en el cual los fines de la justicia justifiquen contravenir el carácter expedito de la Ley Núm. 2. En síntesis, a la luz de la normativa discutida, reiterada en épocas recientes por el Tribunal Supremo en *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723 (2016),

resulta evidente que procede denegar la expedición del auto de *certiorari* solicitado por la peticionaria, así como la *Moción en Auxilio de Jurisdicción.*

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones